**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **EDWARD RAY LEE** | § | |
| **#14857-040** | § | |
| | § | |
| **V.** | § | **A-20-CV-429-RP** |
| | § | |
| **DIRECTOR OF BOP,** | § | |
| **et al.** | § | |

## ORDER

Before the Court is Plaintiff Edward Ray Lee's Complaint (Document 1). Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. After consideration of the complaint, it is dismissed.

### STATEMENT OF THE CASE

Although Plaintiff titles his Complaint "Bivens Action," Plaintiff asserts he is entitled to relief under the Federal Tort Claims Act (FTCA)[1] and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971). Plaintiff names as defendants the Director of the Bureau of Prisons (BOP), the Deputy Director of the BOP, and FCI Bastrop's Warden, Assistant Warden, Camp Administrator, Camp Unit Manager, and Camp Case Manager.

Plaintiff contends the defendants are in violation of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act)[2] protocol set forth in Attorney General Barr's Memorandum for Director of Bureau of Prisons. Plaintiff asserts he has medical vulnerabilities related to COVID-

---

[1] 28 U.S.C. § 1346(b), 2671, *et seq*.

[2] Pub. L. No. 116-136, 134 Stat. 281 (2020).

1

19 and he should be reviewed for home confinement before other inmates. He contends the defendants are negligent in following the Attorney General's directive and have violated his Eighth Amendment right prohibiting cruel and unusual punishment and his Fourteenth Amendment right to equal protection. He seeks $5 million in damages, $2 million for intentional infliction of emotional distress, and $250,000 in attorney's fees. In addition, he requests the Court to reprimand the defendants pursuant to the BOP's Standards of Employee Conduct or immediately transfer Plaintiff to home confinement pursuant to the CARES Act.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e). On review, the court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    <u>FTCA</u>

To the extent Plaintiff is attempting to bring a claim pursuant to the FTCA the claim is barred by sovereign immunity. The FTCA is a limited waiver of the United States's sovereign immunity

allowing "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). This "requirement is a prerequisite to suit under the FTCA." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223-23 (5th Cir. 1989).

Plaintiff did not name as a defendant the United States of America, the only proper defendant under the FTCA. Instead, Plaintiff sues employees of the BOP. Allowing Plaintiff to amend his complaint to name the United States as a defendant would be futile, however. Plaintiff fails to allege that he filed an administrative claim regarding his FTCA claims. Because Plaintiff fails to show he exhausted his administrative remedies under the FTCA prior to filing his complaint, the Court is without jurisdiction over such action.

C.    *Bivens*

Plaintiff also relies on *Bivens* to raise his claims. The Court assumes without deciding that *Bivens* may be extended to Plaintiff's constitutional claims. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (construing petitioner's section 2241 petition challenging denial of prisoner's participation in Elderly Offender Home Detention Program as asserting a *Bivens* civil-rights claim).

3

1.    <u>Cruel and Unusual Punishment</u>

Plaintiff acknowledges Attorney General Barr's memorandum to the Director of the BOP

listed the factors BOP personnel should consider when assessing which inmates should be granted

home confinement under the CARES Act.  Those factors are (1) age and vulnerability of the inmate

to COVID-19, (2) the  security level of the facility currently holding the inmate, with priority given

to inmates residing in low and minimum security facilities, (3) the inmate's conduct in prison, with

inmates who have engaged in violent or gang-related activity in prison or who have incurred a BOP

violation within the last year not receiving priority treatment under the Memorandum, (4) the

inmate's score under PATTERN, with inmates who have anything above a minimum score not

receiving priority treatment under the Memorandum, (5) whether the inmate has a demonstrated a

verifiable re-entry plan that will prevent recidivism and maximize public safety, including

verification that the conditions under which the inmate would be confined upon release would

present a lower risk of contracting COVID-19 than the inmate would face in his or her BOP facility,

and (6) the inmate's crime of conviction, and assessment of the danger posed by the inmate to the

community.

Regarding the Eighth Amendment in the COVID-19 context the Fifth Circuit recently

explained:

> The Eighth Amendment requires prison officials to provide "humane conditions of
> confinement" with due regard for inmate health and safety. *Farmer v. Brennan*, 511
> U.S. 825, 832, 837 (1994). To show a violation, inmates must prove that they were
> exposed "to a substantial risk of serious harm" and "that prison officials acted or
> failed to act with deliberate indifference to that risk." *Carlucci v. Chapa*, 884 F.3d
> 534, 538 (5th Cir. 2018) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir.
> 2006)). The presence of a substantial risk is an objective inquiry. *Petzold v.
> Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). Deliberate indifference, however, is
> subjective; it requires a showing that prison officials had actual knowledge of a risk

and disregarded it. *Id.* Knowledge may be inferred from the circumstances, particularly where the risk is obvious. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). In addition, an inmate must "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346 (internal quotation omitted). "Deliberate indifference is an extremely high standard to meet." *Domino v. TDCJ*, 239 F.3d 752, 756 (5th Cir. 2001).

*Valentine v. Collier*, No. 20-20525, 2020 WL 6039993, at \*5 (5th Cir. Oct. 13, 2020).

The Eighth Amendment does not mandate perfect implementation of the CARES Act. Simply because Plaintiff was not first in line when BOP officials began to consider inmates for home confinement under the CARES Act does not mean their actions were deliberately indifferent. Accordingly, Plaintiff fails to sufficiently allege that the defendants violated his Eighth Amendment right prohibiting cruel and unusual punishment.

      2.   <u>Equal Protection</u>

To establish an equal-protection violation, a plaintiff "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated," *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992), or that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff makes no such allegation and instead contends he and other inmates with medical issues should be considered for home confinement before other inmates. Plaintiff's allegations do not show he has been treated differently than persons similarly situated. Rather, his allegations indicate he is being treated the same as other inmates with medical issues. Accordingly, Plaintiff fails to sufficiently allege that the defendants violated his right to equal protection.

D.    CARES Act

To the extent Plaintiff seeks release to home confinement pursuant to the CARES Act the Court is without jurisdiction to act. The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons.  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  Plaintiff may instead file in the court of his conviction a motion for compassionate release after he has exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A).

CONCLUSION

The Court lacks jurisdiction over Plaintiff's complaint to the extent Plaintiff is raising his claims pursuant to the FTCA or the CARES Act.  To the extent Plaintiff raises his claims pursuant to *Bivens* he fails to allege a valid violation of his constitutional rights.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE IN PART** for want of jurisdiction and **DISMISSED WITH PREJUDICE IN PART** for failure to state a claim upon which relief can be granted.

**SIGNED** on October 28, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE